IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY V. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CA 9-1082 |
| | ) | |
| PITTSBURGH PUBLIC SCHOOLS FRICK MIDDLE SCHOOL et al., | ) | |
| | ) | |
| Defendants. | ) | |

AMBROSE, Chief District Judge

**OPINION AND ORDER**

**SYNOPSIS**

In this civil action, Plaintiff Mary V., on behalf of her minor daughter B.G., asserts claims against the Defendant School District and Dr. Wayne Walters,[1] the principal of the minor Plaintiff's former school. Plaintiff avers that B.G. was harassed at school by other students, and that Defendant failed to stop the harassment, which resulted, inter alia, in her being excluded from school due to her gender. In particular, the minor Plaintiff is alleged to have developed severe distress and anorexia nervosa as a result of the harassment, and was forced into alternate schooling. Plaintiff alleges that Defendant Walters retaliated against her for complaining to public officials and registering complaints against him with the Board of Education. She also avers that the school administration failed to cooperate with her efforts to obtain her daughter's school records.

Based on these allegations, Plaintiff asserts claims on behalf of the minor Plaintiff against the School District pursuant to Title IX of the Education amendments of 1972, 20 U.S.C. § 1681 et seq. ("Title IX") (Count I), and the Pennsylvania Fair Educational Opportunities

[1]Defendant Walters is sued in his individual capacity only.

Act ("PFEOA"), 24 P.S. § 5002(a) (Count II). On her own behalf, Plaintiff asserts retaliation claims against the School District under Title IX, and against Dr. Walters under 42 U.S.C. § 1983 (Count III).

Before the Court are Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and to strike immaterial and scandalous matter pursuant to Fed. R. Civ. P. 12(f). For the following reasons, the Motions will be denied.

**OPINION**

**I. MOTION TO DISMISS**

**A. Applicable Standards**

In deciding a motion to dismiss, all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Colburn v. Upper Darby Twp., 838 F. 2d 66, 666 (3d Cir. 1988). In ruling on a motion to dismiss for failure to state a claim, I must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide the defendants with adequate notice to frame an answer." Id. at 666. Complaints "need not plead law or match facts to every element of a legal theory." Weston v. Pennsylvania, 251 F. 3d 420, 429 (3d Cir. 2001). A plaintiff, however, must "nudge [her] claims across the line from conceivable to plausible" in order to survive a motion to dismiss. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). A complaint must contain "enough factual matter (taken as true) to suggest" the elements of the claims asserted. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

Fed. R. Civ. P. 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.

**B. Claim Against Defendant Walters**

Defendants accurately argue that there can be no individual liability under Title IX, and that Defendant Walters cannot be held liable thereunder in his individual capacity. Plaintiff, however, does not assert a Title IX claim against that Defendant, and her Section 1983 claim against him is based on his alleged retaliatory conduct, rather than on a Title IX violation.[2] Defendants do not contest that an individual capacity suit is legally cognizable under Section 1983. Additionally, I reject Defendants' argument that the Amended Complaint is insufficient because it lacks attached exhibits or certain details regarding the criminal citation that Defendant Walters allegedly initiated against Plaintiff. Plaintiff alleges that Walters initiated baseless criminal charges against her for disorderly conduct; that she defended the charges before a magistrate; and that the charges were dismissed. These allegations comport with applicable standards, and I will not dismiss Plaintiff's claim against Defendant Walters.

**C. Harassment on the basis of sex**

Defendants argue that Plaintiff has failed to allege that the harassment at issue was based on sex, and therefore fails to state a claim under Title IX. Plaintiff, however, avers that the harassment, in part, "related to B.G.'s developing adult female figure." This allegation explicitly implicates the minor Plaintiff's gender. Thus, for present purposes, the Amended Complaint sets forth facts sufficient to state a claim grounded in sex-based harassment.

**D. Deliberate Indifference**

Next, Defendants argue that Plaintiff fails to allege deliberate indifference to harassment, as required to prevail on a Title IX student-on-student harassment claim. See Doe v. Bellefonte Area Sch. Dist., 106 Fed. Appx. 798, 800 (3d Cir. Pa. 2004).

Plaintiff's Amended Complaint avers that a teacher sent the minor Plaintiff and the

---

[2]Although Plaintiff's Amended Complaint states that Defendant Walter's conduct violated her rights under Section 1983 and Title IX, the title of Count III clarifies an intention to state a claim against Defendant Walters under Section 1983 only, and Plaintiff's brief does not address a Title IX claim against this Defendant.

perpetrators to a school guidance counselor in 2007; that B.G. met with the assistant principal three times in 2007; and that the harassment was open and apparent. Plaintiff also alleges that Mary V. met with school administrators in 2008, and learned that the School District had actual notice of the harassment, and had allowed it to continue. Plaintiff, overall, alleges that the School District's response to the harassment was inadequate. Because Plaintiff is not required to plead detailed facts, I reject Defendants' argument that the Amended Complaint is deficient due to a lack of chronological and other specifics about the Plaintiffs' meetings with school personnel. Additionally, I reject Defendants' argument that the action should be dismissed because their response to the harassment was "clearly" quick and reasonable. At this stage of the litigation, on the present record, I cannot reach that conclusion. Instead, I find that Plaintiff has sufficiently pleaded the element of deliberate indifference.

**E. Severe, Pervasive, and Offensive Harassment**

Next, I address Defendants' argument that Plaintiff has failed to plead severe, pervasive, and objectively offensive harassment. It is true that mere teasing and name calling are insufficient to support a Title IX claim. However, "[w]hether gender-oriented conduct rises to the level of actionable 'harassment' ...'depends on a constellation of surrounding circumstances, expectations, and relationships.'" Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 119 S. Ct. 1661, 1675, 143 L. Ed. 2d 839 (1999).

In this case, the Amended Complaint alleges that the minor Plaintiff was subject to offensive and teasing comments by a group of three to five boys, "on a daily basis" and "throughout the day" during her sixth- and seventh-grade years of school. I am wholly unprepared to conclude, at this point, that Plaintiffs' allegations do not rise to the level of actionable harassment. Instead, under standards applicable at this stage in the proceeding, Plaintiffs have sufficiently pleaded severe, pervasive, and objectively offensive harassment.

**F. Retaliation**

Defendants contend that Plaintiff's claim that they retaliated against her for the exercise

of protected activity is insufficient, because Plaintiff exercised her constitutional right to speak, rather than being deprived of that right. Title IX encompasses a claim of retaliation against a private individual because she complained about sex discrimination. Jackson v. Birmingham Board of Education, 544 U.S. 167, 125 S. Ct. 1497, 161 L. Ed. 2d 361 (2005). Similarly, "an individual has a viable claim against the government when he is able to prove that the government took action against him in retaliation for his exercise of First Amendment rights." Anderson v. Davila, 125 F.3d 148, 160 (3d Cir. 1997). Thus, the fact that one was able to exercise a right cannot be fatal to a claim of retaliation therefor.

Plaintiff's Amended Complaint asserts a retaliation claim against the School District under Title IX, and against Defendant Walters under Section 1983.[3] Here, Plaintiff alleges, as stated above, that she complained of harassment to various members of the school administration. Subsequently, Plaintiff claims that when she attempted to obtain her daughter's educational records and set up home schooling for the minor Plaintiff, Defendant Walters and the school administration were hostile, resistant, and uncooperative. Plaintiff alleges that she complained to several public officials, and registered complaints against Defendant Walters with the Board of Education. She contends that Defendant Walters retaliated against her by causing the School District Security Department to initiate baseless criminal charges against her, which were later dismissed. Defendants do not contend that Plaintiff's acts were unprotected. Under applicable standards, these allegations are sufficient to state a claim for retaliation.

**G. Punitive Damages**

Defendants next argue that Plaintiff cannot sustain a claim for punitive damages. Plaintiff appears to concede that she cannot seek punitive damages against the School District,

---

[3]Due to the manner in which Count III refers to PFEOA, I assume that Plaintiff does not intend to state a cause of action under that statute, but instead refers to the statute only with respect to the underlying exercise of a protected right. It is clear, from their brief, that Defendants make a similar assumption.

which renders that aspect of the Motion moot. She may, however, seek punitive damages against Defendant Walters in his individual capacity. See, e.g., Bodnar v. Wagner, No. 7-2038, 2010 U.S. Dist. LEXIS 289, at *22 (M.D. Pa. Jan. 5, 2010). In order to do so, she must demonstrate that his conduct was motivated by evil motive or intent, or was recklessly or callously indifferent to her federally protected rights. Eichenlaub v. Twp. of Indiana, 214 Fed. Appx. 218, 223-24 (3d Cir. 2007); Springer v. Henry, 435 F.3d 268, 281 (3d Cir. 2006). This, Defendants argue, Plaintiff has failed to do. The Amended Complaint, however, alleges that Defendant Walters retaliated against Plaintiff for her exercise of protected rights, by causing the initiation of groundless criminal process. Under applicable standards, these allegations are sufficient to support a claim for punitive damages against Defendant Walters.

**H. PFEOA**

Defendants also argue that Plaintiff has failed to state a claim under PFOEA, due to her failure to exhaust administrative remedies.

> The PFEOA makes it an unfair educational practice for an educational institution to expel, suspend, deny facilities, or otherwise discriminate against any student because of race, religion, color, ancestry, national origin, sex, handicap or disability or to penalize or discriminate against any individual for initiating, testifying, participating, or assisting in PFEOA proceedings. ...The act provides that the procedure for processing any complaint and the remedies available under it shall be in accordance with the procedures of the PHRA. Like the PHRA, the PFEOA therefore requires a plaintiff to bring a complaint with the PHRC within 180 days of the unfair educational practice at issue.

Datto v. Harrison, No. 9-2064, 2009 U.S. Dist. LEXIS 82965, at * (E.D. Pa. Dept. 10, 2009) (citations omitted).

Plaintiff's Amended Complaint asserts that she filed a complaint with the PHRC, and received a right to sue letter. Defendants point, however, to Plaintiff's failure to serve a copy of the present Amended Complaint on the Commission, as required by the PFEOA. This requirement relates to actions filed after the date of notice from the Commission closing the PHRC complaint. In other words, it takes effect only after the administrative body has assessed the complaint – i.e., after administrative recourse has substantially concluded, or

exhausted. Defendants cite to no authority for their suggestion that Plaintiff's course of action constitutes a fatal failure to exhaust administrative remedies, and I find none. I will not dismiss Plaintiff's claim on that basis.

**II. MOTION TO STRIKE**

Finally, Defendants contend that Rule 12(f) requires that the Court strike the Amended Complaint's references to Plaintiff's communications to public officials and other entities. "[M]otions to strike are disfavored and usually will be denied 'unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.'" Boyko v. Am. Int'l Group, Inc., No. 08-2214, 2009 U.S. Dist. LEXIS 119339, at *5 (D.N.J. Dec. 23, 2009). In this case, the allegations at issue relate to Plaintiff's retaliation claim, will not cause prejudice to Defendants, and do not confuse the issues in the case. Defendant presents no other grounds for striking the allegations.

**CONCLUSION**

In sum, Plaintiff's Amended Complaint gives the Defendants fair notice of the claims against them, and the grounds on which they rest. With respect to all challenges raised, the Amended Complaint does more than recite labels and conclusions, and fulfills applicable pleading requirements. Similarly, there are no grounds for striking Plaintiff's allegations regarding her communications with public officials and other entities. Defendants' Motions will be denied. An appropriate Order follows.

**ORDER**

AND NOW, this 17th day of February, 2010, it is hereby ORDERED, ADJUDGED, and DECREED that Defendants' Motion to Dismiss and Motion to Strike (Docket No. 10) are DENIED.

BY THE COURT:
S/Donetta W. Ambrose
Donetta W. Ambrose
Judge, United States District Court